**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

JAVIER PEREZ-PALAFOX,
*Petitioner*,

v.

ERIC H. HOLDER, JR., Attorney
General,
*Respondent*.

No. 11-71201

Agency No.
A092-291-793

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 8, 2013—Pasadena, California

Filed March 11, 2014

Before: William A. Fletcher and Johnnie B. Rawlinson,
Circuit Judges, and Alvin K. Hellerstein, Senior District
Judge.[*]

Opinion by Judge Rawlinson

---

[*] The Honorable Alvin K. Hellerstein, Senior United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied Javier Perez-Palafox's petition for review of the Board of Immigration Appeals' decision vacating an Immigration Judge's grant of withholding of removal based on a finding that petitioner's conviction constituted a particularly serious crime.

The panel held that it had jurisdiction over the issue of law raised by Perez-Palafox—whether the BIA engaged in improper factfinding in determining that he committed a particularly serious crime. The panel held that the BIA did not engage in impermissible factfinding, where it specifically stated that it reviewed the IJ's factual findings for clear error, applied the *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), factors to the facts found by the IJ, and did not add any facts to those found by the IJ or ignore any facts found by the IJ.

### COUNSEL

Curtis F. Pierce, Los Angeles, California, for Petitioner.

Tony West, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, William C. Minick (argued), Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

RAWLINSON, Circuit Judge:

Petitioner Javier Perez-Palafox (Perez-Palafox), a citizen of Mexico and a lawful permanent resident, petitions for review of the decision of the Board of Immigration of Appeals (BIA) vacating the withholding of removal relief granted to Perez-Palafox by the Immigration Judge (IJ). The BIA concluded that Perez-Palafox was not eligible for withholding of removal because his conviction for transportation of methamphetamine in violation of California Health & Safety Code § 11379(a) constituted a particularly serious crime.

As we later explain, we have jurisdiction pursuant to 8 U.S.C. § 1252(a) to review the BIA's determination that Perez-Palafox committed a particularly serious crime. *See Pechenkov v. Holder*, 705 F.3d 444 (9th Cir. 2012). Because the BIA did not engage in improper factfinding, we deny the petition for review.

## I. BACKGROUND

Perez-Palafox is a native and citizen of Mexico who was admitted to the United States as an immigrant at the age of six. Sixteen years later, on April 16, 1990, Perez-Palafox was convicted in a California state court of the felony offense of Possession for Sale of a Controlled Substance in violation of California Health & Safety Code (Cal. H&S Code) § 11351,[1]

---

[1] Cal. H&S Code § 11351 (1990) provided in pertinent part:

§ 11351. Possession or purchase for sale of designated

and sentenced to three years' probation, with the first 180 days to be spent in county jail. Five days after his conviction, Perez-Palafox obtained the status of lawful permanent resident.

On April 5, 2001, the Immigration and Naturalization Service (INS) issued a Notice to Appear (NTA) alleging that Perez-Palafox was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. On September 30, 2002, an IJ issued an *in absentia* order of removal against Perez-Palafox after he failed to appear at his scheduled removal proceeding.

On November 26, 2002, an IJ denied Perez-Palafox's motion to reopen seeking recision of the *in absentia* order. On February 17, 2004, the BIA granted Perez-Palafox's appeal, finding that Perez-Palafox established exceptional circumstances for his failure to appear, and remanded the case to the Immigration Court for further proceedings.

On April 19, 2005, an IJ found Perez-Palafox removable as charged in the NTA. Perez-Palafox applied for cancellation of removal, asylum, and withholding of removal, based on mental and physical disabilities stemming from a brain injury incurred in 2000. The government did not oppose Perez-Palafox's application for withholding of removal, and withholding of removal was granted.

---

controlled substances; punishment

Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale . . . any controlled substance . . . which is a narcotic drug, shall be punished by imprisonment . . . for two, three, or four years.

One year after he was granted withholding of removal relief, Perez-Palafox was convicted by guilty plea in a California state court of the felony offense of Sale/Transportation of a Controlled Substance in violation of Cal. H&S Code § 11379(a).**[2]**  He was sentenced to three years' imprisonment.

The government subsequently filed a motion to reopen for the purpose of terminating Perez-Palafox's withholding of removal relief.  An IJ granted the motion to reopen.  During the reopened proceedings, the government relied on conviction documents and the police report for Perez-Palafox's 2006 conviction to establish that Perez-Palafox had been convicted of a particularly serious crime.

The IJ acknowledged that "a drug trafficking offense is presumptively a particularly serious crime."  However, the IJ found that the government failed to establish by a preponderance of the evidence that Perez-Palafox's conviction in 2006 for transportation of a controlled substance was for a "drug trafficking offense."  The IJ concluded that the police report should not be considered because there was no plea colloquy reflecting that the report

---

**[2]** Cal. H&S Code § 11379(a) (2006) provided in pertinent part:

. . .

> "[E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance . . . shall be punished by imprisonment in the state prison for a period of two, three, or four years."

constituted a factual basis for Perez-Palafox's guilty plea. The IJ found that the conviction documents did not establish that Perez-Palafox was convicted of a "drug trafficking" offense. Consequently, the IJ denied the government's motion to terminate the prior grant of withholding of removal relief.

Following the government's appeal, the BIA remanded the case to the Immigration Court for further proceedings. The BIA determined that the IJ correctly concluded that Perez-Palafox's conviction was not "presumptively a particularly serious crime." The BIA noted that due to her conclusion, the IJ was required to apply the case-by-case analysis articulated in *Matter of N-A-M-*, 24 I&N Dec. 336 (BIA 2007), to assess whether Perez-Palafox's conviction constituted a particularly serious crime. The BIA interpreted its holding in *Matter of N-A-M-* as permitting consideration of all reliable information once the elements of the offense were found to bring the crime within the realm of a particularly serious crime, including "information outside the confines of the record of conviction." The BIA found that, in conducting her case-by-case analysis, the IJ failed to give appropriate consideration to the police report, which contained "potentially dispositive evidence" that was not part of the IJ's factfinding. Also, the BIA noted that the IJ acknowledged information that Perez-Palafox "was in possession of three drugs as well as other things when he was stopped," but made no findings about these additional items or their impact on her assessment.

The IJ, in declining to consider the facts set out in the police report, relied on a case that no longer states the law. The IJ followed *Morales v. Gonzales*, 478 F.3d 972, 982 (9th Cir. 2007), *as amended*, which held that IJs should limit their

inquiry "to the record of conviction and sentencing information" in determining whether a crime was "particularly serious." *Id*. at 982. However, *Anaya-Ortiz v. Holder*, 594 F.3d 673 (9th Cir. 2010), decided three years later, enlarged the scope of inquiry that the BIA could require IJs to pursue. In that later case, we deferred to the BIA in instructing IJs that "all reliable information may be considered . . . including . . . information outside the confines of a record of conviction." *Id.* at 678 (quoting *Matter of N-A-M-*, 24 I&N Dec. at 342). Thus, the BIA concluded that the IJ should consider the facts in the police report, and remanded the case to the IJ to enable the IJ to conduct a case-by-case analysis of all relevant information. Petitioner does not challenge this conclusion, and we express no opinion here as to whether a police report may be considered "reliable information." *Cf. Alphonsus v. Holder*, 705 F.3d 1031, 1047 n.15 (9th Cir. 2013) (questioning if certain aspects of a police report might not be reliable evidence).

During the remanded proceedings, the police report was admitted into evidence and considered. The report provided the observations and opinions of arresting police officer Carlos Silva (Officer Silva). Officer Silva reported that he found the following items in a bag on Perez-Palafox's person: methamphetamine, marijuana, cocaine, a digital scale, and nine empty clear plastic bags.

Perez-Palafox admitted that when he was arrested he was in possession of a bag of methamphetamine, a bag of cocaine, and a bag of marijuana. Perez-Palafox also acknowledged that he was in possession of a digital scale and empty plastic bags, but stated that those items belonged to his brother. Perez-Palafox conceded that he did not pay for the drugs, and

that he had sold drugs in the past, but maintained that he did not possess drugs for sale at the time of his arrest.

After considering this evidence, the IJ again denied the government's motion to terminate the prior grant of withholding of removal. The IJ held that Perez-Palafox's conviction was not "presumptively" a particularly serious crime pursuant to *Matter of Y-L-*, 23 I&N Dec. 270 (Op. Att'y Gen. 2002), because (1) a conviction under Cal. H&S Code § 11379(a) is not categorically a "drug trafficking aggravated felony," as the statute prohibits the transportation of a controlled substance for personal use as well as for sale and (2) the conviction documents in the record failed to establish that Perez-Palafox's conviction constituted a "drug trafficking aggravated felony."

Because Perez-Palafox's conviction was not presumptively a particularly serious crime, the IJ conducted the case-by-case analysis outlined in *Matter of N-A-M-*, to "examine the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction."

After considering the police report and Perez-Palafox's testimony, the IJ found that the government again failed to establish by a preponderance of the evidence that Perez-Palafox's conviction constituted a particularly serious crime. The IJ interpreted Perez-Palafox's statement that he had purchased the drugs immediately prior to his arrest as proof that the drugs were packaged in the plastic bags by the dealer who sold the drugs to Perez-Palafox, and did not support a finding that Perez-Palafox intended to sell the drugs.

The IJ also discounted the drug quantity as indicative of possession for sale, as well as the fact that Perez-Palafox "had in his possession a digital scale and empty plastic baggies, implements typically associated with drug trafficking." The IJ relied on Perez-Palafox's explanation that these items belonged to his brother. The IJ did not discuss the import of Perez-Palafox's testimony that he did not pay for the drugs. The IJ based her conclusion, not on findings that Perez-Palafox was credible, but on her belief that the government had not proved that Perez-Palafox intended to sell the drugs, rather than merely use the drugs himself.

The BIA again sustained the government's appeal, concluding that Perez-Palafox's conviction in 2006 was a "particularly serious drug offense posing a significant danger to the community." The BIA noted that its conclusion was made pursuant to its authority to review *de novo* whether the facts establish eligibility for relief. *See Matter of A-S-B-*, 24 I&N Dec. 493, 496 (BIA 2008) (clarifying that the Board retains authority to apply the law to the facts). Pursuant to that authority, the BIA vacated the IJ's decision and the prior grant of withholding of removal, and ordered Perez-Palafox removed to Mexico.

Perez-Palafox filed a petition for review of the BIA decision with this court. The BIA then issued an interim order reopening the case decision due to a procedural error. This court granted Perez-Palafox's motion to dismiss the petition for review for lack of jurisdiction in view of the reopening.

On March 31, 2011, the BIA re-issued its decision. The BIA granted the government's appeal, concluding that Perez-Palafox's conviction in 2006 was for a "particularly serious

crime" because the drug trafficking offense posed a significant danger to the community. The BIA vacated the IJ's decision and the prior grant of withholding of removal, ordering Perez-Palafox removed to Mexico.

The BIA found no clear error with respect to the IJ's factfinding. Rather it applied the factors outlined in the *Matter of Frentescu*, 18 I&N Dec. 244 (BIA 1982) to those facts. In *Frentescu*, the BIA outlined the following factors to be considered in determining whether a crime is particularly serious: (1) the nature of the offense, (2) the circumstances and underlying facts of the crime, (3) the type of sentence imposed, and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community.

The BIA observed that Perez-Palafox: (1) "was carrying multiple illicit substances and other items related to the packaging of drugs for sale and distribution when he was arrested," (2) "admitted he was carrying implements related to the distribution of drugs from a drug dealer to his brother," (3) "admitted that he had not paid for the drugs and owed the drug dealer for them," and (4) "was sentenced to three years incarceration." Applying the *Frentescu* factors, the BIA concluded that Perez-Palafox's conviction was for a particularly serious crime that rendered him ineligible for withholding of removal.

The BIA noted that the statute of conviction punishes drug-related crimes, including drug trafficking. In addition, Perez-Palafox was carrying items commonly used for the distribution of drugs, and admitted that he had not yet paid the drug dealer for the drugs. The BIA concluded that the lack of specificity regarding the exact amount of drugs did

not eviscerate the officer's opinion that the observed quantity of drugs was consistent with drug trafficking, especially in light of the other items seized during Perez-Palafox's arrest that pointed toward drug trafficking.

The BIA ultimately concluded that Perez-Palafox was convicted of a particularly serious crime, rendering him ineligible for withholding of removal. The BIA sustained the government's appeal, vacated the IJ's decision, vacated the prior grant of withholding of removal and ordered Perez-Palafox removed to Mexico. Perez-Palafox filed a timely petition for review.

## II. STANDARDS OF REVIEW

We have jurisdiction to determine our jurisdiction. *See Malilia v. Holder*, 632 F.3d 598, 602 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), to review whether the BIA applied the correct legal standard. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009).

"Whether the BIA has applied the correct standard of review is a question of law." *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (citation omitted).

## III. DISCUSSION

### A. Jurisdiction Over Perez-Palafox's Petition

#### 1. Eligibility for Withholding of Removal

Perez-Palafox challenges the BIA's determination that his 2006 conviction for the felony offense of Sale/Transportation

of a Controlled Substance in violation of Cal. H&S Code § 11379(a) was a particularly serious crime posing a significant danger to the community. The determination that a crime is "particularly serious" renders an alien ineligible for withholding of removal relief. *Delgado v. Holder*, 648 F.3d 1095, 1101 (9th Cir. 2011) (en banc). Absent this relief, Perez-Palafox faces imminent removal from this country.

### 2.   Jurisdiction

The government asserts that we lack jurisdiction to review this petition because 8 U.S.C. §§ 1252(a)(2)(C) and (D) limit our jurisdiction to constitutional claims and questions of law, and the particularly serious crime determination is an unreviewable discretionary decision. The government argues that even if we have jurisdiction to review the particularly serious crime determination in the abstract, the fact that the initial crime involved in the removal was an aggravated felony deprives us of jurisdiction over this petition. We recently articulated the extent of our jurisdiction to review the particularly serious crime determination in *Pechenkov*, 705 F.3d at 447–48. In *Pechenkov*, the petitioner was convicted of assault with a deadly weapon, an aggravated felony. *See id.* at 446–47. His application for withholding of removal was denied due to the IJ's determination that the crime of conviction was particularly serious. After the BIA adopted the IJ's opinion, Pechenkov filed a petition for review. As in this case, the government contended that we lacked jurisdiction over the petition because Pechenkov had been convicted of an aggravated felony. *See id.* at 447. We explained that although 8 U.S.C. § 1252(a)(2)(C) stripped us of jurisdiction to review final orders of removal against an alien who is being removed for having committed an aggravated felony, 8 U.S.C. § 1252(a)(2)(D) "restored

jurisdiction over constitutional claims or questions of law even in cases involving aggravated felons. . . ." *Id.* at 447–48 (citation, footnote reference and internal quotation marks omitted). We also clarified that as to factual matters, if the IJ denies relief on the merits rather than in reliance on the conviction, we retain jurisdiction to review the petition. *See id.* at 448.

In sum, we held that the jurisdictional bar set forth in § 1252(a)(2)(C) is subject to two exceptions. *See id.* The first exception permits our review of "questions of law or constitutional claims." *Id.* The second exception permits our review when the IJ denies relief on the merits of the claim rather than in reliance on the conviction, *i.e.*, when the IJ concludes that the petitioner failed to establish the requisite grounds for relief. *See id.*

We ultimately concluded that we lacked jurisdiction over Pechenkov's petition because he did not challenge his removability for commission of an aggravated felony *and* because he did not raise a constitutional or legal issue in challenging the particularly serious crime determination. *See id.*

As in *Pechenkov*, Perez-Palafox does not challenge his removability for commission of an aggravated felony. However, unlike in *Pechenkov*, Perez-Palafox raises a legal challenge to the BIA ruling — whether the BIA engaged in impermissible factfinding. *See Ridore*, 696 F.3d at 911 (concluding that whether the BIA applied the proper standard of review raises a legal question). Therefore, we have jurisdiction over this aspect of Perez-Palafox's petition for review. *See Pechenkov*, 705 F.3d at 447–48; *see also Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006), *overruled*

*on other grounds in Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1160 n.15 (9th Cir. 2008) (en banc); *Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012).

### B.  BIA Review of the Immigration Judge's Decision

Perez-Palafox contends that the BIA violated 8 C.F.R. § 1003.1(d)(3)(iv)[3] by engaging in improper factfinding when it reversed the IJ's decision denying the government's motion to terminate withholding of Perez-Palafox's removal.

Although the BIA may not engage in *de novo* factfinding and may only review the IJ's findings under the clearly erroneous standard, the BIA may review "legal questions, discretion, and judgment . . . de novo."  8 C.F.R. § 1003.1(d)(3)(ii); *see also Ridore*, 696 F.3d at 911.  We explained in *Ridore* that there are two distinct questions that must be analyzed by the BIA, the first is a factual question and the second is a question of law. *See Ridore*, 696 F.3d at 915.  The factual question involves the findings detailing the particular circumstances underlying the petitioner's claim. *See id.*  Questions of law resolve the legal consequences of the underlying facts, *i.e.*, whether the petitioner meets the

---

[3] 8 C.F.R. § 1003.1(d)(3)(iv) provides:

> Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals.  A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand.  If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

legal requirements for the requested relief or conversely, whether the government has established ineligibility. *See id.*

Here, the BIA completely accepted the factual findings made by the IJ. Although Perez-Palafox accuses the BIA of engaging in improper factfinding, he does not point to any fact found by the IJ that was ignored by the BIA, or any fact found by the BIA that was not found by the IJ. *Cf. Ridore*, 696 F.3d at 916 (criticizing the BIA decision for failing to address "most of the IJ's specific factual findings"); *Brezilien v. Holder*, 569 F.3d 403, 413–14 (9th Cir. 2009), *as amended* (observing that the BIA found facts not found by the IJ and rejected facts found by the IJ). Rather than ignoring facts found by the IJ or making findings in addition to those made by the IJ, the BIA specifically applied the factors outlined in *Frentescu* to the facts found by the IJ to reach the legal conclusion that Perez-Palafox's conviction was for a particularly serious crime. It was entirely appropriate for the BIA to determine whether the crime committed by Perez-Palafox was a particularly serious crime. *See Delgado v. Holder*, 563 F.3d 868, 868 (9th Cir. 2009) (so holding). The BIA applied the *Frentescu* factors to the underlying facts as found by the IJ that Perez-Palafox: (1) "was carrying multiple illicit substances and other items related to the packaging of drugs for sale and distribution when he was arrested," (2) "admitted he was carrying implements related to the distribution of drugs from a drug dealer to his brother," (3) "admitted that he had not paid for the drugs and owed the drug dealer for them," and (4) "was sentenced to three years incarceration." We have consistently held that application of the *Frentescu* factors to the underlying facts is a legal conclusion and not a factfinding endeavor. *See Afridi*, 442 F.3d at 1219; *see also Miguel-Miguel v. Gonzales*,

500 F.3d 941, 945 (9th Cir. 2007); *Anaya-Ortiz*, 594 F.3d at 676.

Unlike in *Ridore*, the BIA in this case recognized and acknowledged that the IJ's factual findings were to be reviewed for clear error. *Cf. Ridore*, 696 F.3d at 914 (noting that "the BIA's decision nowhere mentions a standard of review"). In *Ridore*, the BIA did not address the IJ's specific factual findings and applied *de novo* review to the facts of the case. *See id.* at 916. We faulted the BIA for rejecting the IJ's ruling "in a single, largely conclusory paragraph that essentially recited the general conclusions the BIA reached in 2002 in *In re J-E-* [23 I&N Dec. 291 (2002) (en banc)]." In *Ridore*, the BIA failed to address most of the IJ's factual findings and the evidence underlying those findings. *See id*. As stated above, here the BIA fully acknowledged and discussed the IJ's factual findings and determined that the IJ's factual findings, when assessed against the *Frentescu* factors, resulted in a legal conclusion that Perez-Palafox had been convicted of a particularly serious crime. *See Anaya-Ortiz*, 594 F.3d at 679–80 (approving the BIA's application of the *Frentescu* factors to the facts).

Our recent decision in *Vitug v. Holder*, 723 F.3d 1056 (9th Cir. 2013) does not compel us to grant the petition in this case, because the panel in *Vitug* addressed a BIA decision much like the one criticized in *Ridore*. Vitug was harassed in school for his effeminate manner and at the age of eight or nine was sexually abused by a man. *See id.* at 1060. Vitug provided several examples of persecution during his life in the Philippines due to his sexual orientation, and the IJ found Vitug credible. *See id.* at 1060–61. The IJ based his factual findings on Vitug's testimony and the documentary evidence. *See id.* at 1061. After the government failed to challenge

Vitug's testimony or the documentary evidence introduced by Vitug, the IJ granted withholding of removal relief. *See id.*

On appeal, the BIA vacated the IJ's decision. *See id.* However, the BIA based its conclusion on facts that were not in the record and ignored the factual findings made by the IJ. *See id.* at 1061–62. In addition, the BIA held at one point that the IJ's factual findings were not clearly erroneous but, later in its decision, contradicted itself by stating that one of the IJ's factual findings was clearly erroneous. *See id.* at 1062. We concluded that the BIA engaged in improper factfinding because the BIA based its determination on factual findings not made by the IJ while disregarding the facts actually found by the IJ. *See id.* at 1063–64. For these reasons, we concluded that the BIA failed to apply the clear error standard of review and abused its discretion. *See id.* at 1064.

In this case, the BIA specifically and explicitly stated that it applied the clear error standard. The BIA applied the *Frentescu* factors to the facts found by the IJ. The BIA did not add any facts to those found by the IJ or ignore any facts found by the IJ. Unlike the BIA's approach in *Ridore* and *Vitug*, the BIA in this case did not engage in impermissible factfinding. *See Anaya-Ortiz*, 594 F.3d at 679–80 (concluding that the BIA correctly applied the *Frentescu* factors to facts found by the IJ).[4]

---

[4] Perez-Palafox also asserts that his due process rights were violated when the BIA *sua sponte* reopened his removal proceedings, filed an interim order, and then filed an amended order. However, it is well established that the BIA may reopen or reconsider a case on its own motion. *See* 8 C.F.R. § 1003.2(a); *see also Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1117 (9th Cir. 2009).

## IV. CONCLUSION

We have jurisdiction over this case because Perez-Palafox raised as an issue of law that the BIA engaged in impermissible factfinding in the course of its determination that Perez-Palafox committed a particularly serious crime. We deny Perez-Palafox's petition because we do not agree that the BIA engaged in impermissible factfinding.

**PETITION DENIED.**