**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VASCO E. RUSELLO, AKA Wafik Ezzat Nassib, AKA Wathick Isac Nasyid, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 11-71013 <br><br> Agency No. A097-748-014 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2014
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Vasco Ezzat Rusello petitions for review of the Board of Immigration

Appeals' ("BIA") order sustaining the Department of Homeland Security's

("DHS") appeal from a decision of the immigration judge ("IJ") granting Rusello's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

application for special-rule cancellation of removal under the Violence Against Women Act of 2000 ("VAWA"), 8 U.S.C. § 1229b(b)(2).

Pursuant to 8 U.S.C. § 1252(a)(2)(D), we have jurisdiction to review questions of law. Whether the BIA applied the correct standard of review is a question of law. *Perez-Palafox v. Holder*, 744 F.3d 1138, 1143 (9th Cir. 2014); *Vitug v. Holder*, 723 F.3d 1056, 1062–64 (9th Cir. 2013). Here, in concluding that Rusello did not demonstrate the requisite hardship to be eligible for special-rule cancellation of removal, the BIA engaged in de novo review of the IJ's factual findings and conducted its own factfinding in violation of 8 C.F.R. § 1003.1(d)(3).

The BIA rejected the IJ's finding that Rusello's information technology ("IT") experience was outdated, reasoning that Rusello did not offer evidence that he had inquired into job opportunities abroad for someone with his qualifications. The BIA, however, did not conclude that the IJ's factual finding that Rusello's IT experience was outdated, was clearly erroneous, as it must do before rejecting it. *See Ridore v. Holder*, 696 F.3d 907, 917 (9th Cir. 2012); *Brezilien v. Holder*, 569 F.3d 403, 414 (9th Cir. 2009). The BIA also did not acknowledge the IJ's factual findings about the emotional, physical, and financial difficulties Rusello experienced as a result of the abuse. Under a clear error standard of review, the

2

BIA cannot ignore the IJ's factual findings. *See Vitug*, 723 F.3d at 1064; *Ridore*, 696 F.3d at 917.

Rather than reviewing the IJ's factual findings, the BIA conducted its own review of the record, expressing doubt that Rusello's IT experience was outdated in light of the lack of evidence concerning the opportunities available to someone with his qualifications overseas and finding that Rusello "has other transferable job skills." Moreover, despite acknowledging that the IJ made no factual findings as to the hardship Rusello's parents would suffer, the BIA also made factual findings on this point. The BIA has no authority to make such factual findings under 8 C.F.R. § 1003.1(d)(3). If the BIA determines that additional factfinding is necessary, the proper course of action is to remand to the IJ to make further factual findings. *Ridore*, 696 F.3d at 919; *Rodriguez v. Holder*, 683 F.3d 1164, 1173 (9th Cir. 2012).

Because the BIA applied an incorrect standard of review, we need not reach the remainder of Rusello's arguments. *See Brezilien*, 569 F.3d at 414.

**PETITION GRANTED AND REMANDED.**