FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| OSCAR MEZA-CORRALES,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 10-70418<br><br>Agency No. A091-993-887<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:      CLIFTON, BEA, and WATFORD, Circuit Judges.

Oscar Meza-Corrales, a native and citizen of Mexico, petitions for review of

an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from

the decision of an immigration judge ("IJ") denying his application for cancellation

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  Reviewing de novo

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law, *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009), we deny the petition for review.

The IJ applied the correct hardship standard to Meza-Corrales's cancellation application. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard" in a case where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

The BIA did not engage in impermissible factfinding or violate Meza-Corrales's right to due process when it reviewed the IJ's hardship determination, because the BIA properly reviewed de novo the IJ's application of the hardship standard to the undisputed facts of the case. *See Brezilien*, 569 F.3d at 412 n.3 ("The Board may review questions of law, discretion, and judgment on all other issues in appeals from decisions of immigration judges de novo." (citation omitted)); *see also Perez-Palafox v. Holder*, 744 F.3d 1138, 1146 (9th Cir. 2014) (concluding that the BIA did not engage in impermissible factfinding).

**PETITION FOR REVIEW DENIED.**