**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIOMARA ESTHER RODRIGUEZ-DE ESPINOZA, AKA Xiomara Esther Rodriguez-Espinoza, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73171 <br><br> Agency No. A041-319-055 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 6, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District Judge.[**]

Xiomara Esther Rodriguez-De Espinoza petitions for review of the Board of

Immigration Appeals' ("BIA") decision ordering the Petitioner's removal. In an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

earlier remand, the BIA had asked the Immigration Judge ("IJ") to consider whether Petitioner's testimony was sufficient to show inadmissability under I.N.A. § 212(a)(6)(E)(i). The IJ's decision on remand found that the testimony was insufficient to establish the elements of a smuggling defense. The IJ stated that she "could not be satisfied that respondent, in fact, made admissions regarding each of the elements . . . ."

When the government appealed to the BIA, however, the BIA stated that the Petitioner had admitted the elements of alien smuggling. The BIA ignored both the IJ's finding that the Petitioner had not made sufficient admissions and Petitioner's argument that the testimony was vague and insufficient.

The BIA is required to review findings of fact for clear error. 8 C.F.R. § 1003.1(d)(3)(i). Whether it has failed to do so is a question of law we have jurisdiction to review. *Perez-Palafox v. Holder*, 744 F.3d 1138, 1143 (9th Cir. 2014). The BIA did not review the finding in this case for clear error. When the BIA does not review the IJ's findings for clear error, we must consider those findings. *Vitug v. Holder*, 723 F.3d 1056, 1065 (9th Cir. 2013) (considering the factual findings of the IJ since the BIA did not reject them as clearly erroneous). On the basis of those findings, *Vitug* concluded that no reasonable factfinder could have found the petitioner ineligible for relief. In this case, as the BIA recognized,

2

Petitioner's testimony was the only evidence regarding the 1998 alleged smuggling episode. The testimony was halting and hard to follow. The IJ found the testimony was not an admission of a crime, and we must take that finding into account. In the absence of any determination by the BIA, reasoned or otherwise, that the finding was clear error, there is no basis in this record to uphold the BIA's finding of ineligibility for adjustment of status. Petitioner is accordingly eligible for adjustment of status.

We agree with the government that the IJ should not have relied on the rationale of the BIA's decision in *Matter of K*, 7 I. & N. Dec. 594 (BIA 1957). Our court has held that the protections recognized in that decision are not applicable to testimony given under oath in court while represented by counsel. *See Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 749 (9th Cir. 2007). That reliance, however, did not affect the IJ's finding that the admissions were factually insufficient.

The petition for review is therefore **GRANTED**.

No. 09-73171, Rodriguez-DeEspinoza v Holder

CLIFTON, Circuit Judge, concurring in part and dissenting in part,

I agree that the petition for review should be granted because the BIA failed to review the IJ's findings of fact for clear error, as it is required to do. I disagree, however, with our declaration that petitioner is accordingly eligible for adjustment of status. That is a decision that is supposed to be left to the BIA, not made by us. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002). The case should be remanded for the BIA to review the IJ's findings of fact applying the proper standard.

The authority cited by the majority to justify its result does not fit this situation. Indeed, in that case, *Vitug v. Holder*, 723 F.3d 1056 (9th Cir. 2013), we expressly recognized that when the BIA fails to apply the clear error standard of review to an IJ's factual findings, "we typically remand so that the BIA may apply the correct standard of review and properly consider the IJ's factual findings." *Id*. at 1064. We did not do so in that case because we concluded that no reasonable factfinder could reach a contrary result. *Id*. at 1065.

The majority does not contend that is true here, and it is not. Based on the testimony given by Rodriguez-DeEspinoza at the hearing, a reasonable factfinder could conclude that she did, in fact, admit to alien smuggling.

The explanation offered by the IJ for her finding was that "in many of [Rodriguez-DeEspinoza's] responses to questions either by the Court or by

Government counsel, [Rodriguez-DeEspinoza] did not elaborate on her conduct, but made various one- or two-word responses acknowledging the questions that she was asked."

But short, evasive responses rarely demonstrate innocence. There was no indication that Rodriguez-DeEspinoza did not understand the questions. It appeared that she was trying simply to fend them off. And not all of her responses were quite so short. At one point she declared: "I was doing a favor with my children's birth certificate." The IJ then followed up by asking her: "Do you think if you're just trying to help somebody with your children's birth certificate that it's not an alien smuggling? That it's not alien smuggling if you're not paid? What are you saying?" Rodriguez-DeEspinoza: "I was doing a favor." Judge: "So if it's a favor it's not alien smuggling?" Rodriguez-DeEspinoza: "Yes, yes, I know."

The IJ may have found, following the testimony, that Rodriguez-DeEspinoza's admissions were insufficient to establish her participation in alien smuggling, but it is incorrect to conclude that no reasonable factfinder could find to the contrary. Nor, in my view, would it be impossible for the BIA to decide that the IJ's finding was clearly erroneous, especially given, as the BIA's decision expressly noted, Rodriguez-DeEspinoza bore the burden of proof to establish her eligibility for relief. The matter should be remanded to permit the BIA to apply the

2

proper standard, as *Ventura* and *Vitug* tell us to do.