MEMORANDUM **
Xiomara Esther Rodriguez-De Espinoza petitions for review of the Board of Immigration Appeals’ (“BIA”) decision ordering the Petitioner’s removal. In an earlier remand, the BIA had asked the Immigration Judge (“IJ”) to consider whether Petitioner’s testimony was sufficient to show inadmissability under I.N.A. § 212(a)(6)(E)(i). The IJ’s decision on remand found that the testimony was insufficient to establish the elements of a smuggling’ defense. The IJ stated that she “could not be satisfied that respondent, in fact, made admissions regarding each of the elements.... ”
When the government appealed to the BIA, however, the BIA stated that the Petitioner had admitted the elements of alien smuggling. The BIA ignored both the IJ’s finding that the Petitioner had not made sufficient admissions and Petitioner’s argument that the testimony was vague and insufficient.
The BIA is required to review findings of fact for clear error. 8 C.F.R. § 1003.1(d)(3)(i). Whether it has failed to *373 do so is a question of law we have jurisdiction to review. Perez-Palafox v. Holder, 744 F.3d 1138, 1143 (9th Cir.2014). The BIA did not review the finding in this case for clear error. When the BIA does not review the IJ’s findings for clear error, we must consider those findings. Vitug v. Holder, 723 F.3d 1056, 1065 (9th Cir.2013) (considering the factual findings of the IJ since the BIA did not reject them as clearly erroneous). On the basis of those findings, Vitug concluded that no reasonable factfinder could have found the petitioner ineligible for relief. In this case, as the BIA recognized, Petitioner’s testimony was the only evidence regarding the 1998 alleged smuggling episode. The testimony was halting and hard to follow. The IJ found the testimony was not an admission of a crime, and we must take that finding into account. In the absence of any determination by the BIA, reasoned or otherwise, that the finding was clear error, there is no basis in this record to uphold the BIA’s finding of ineligibility for adjustment of status. Petitioner is accordingly eligible for adjustment of status.
We agree with the government that the IJ should not have relied on the rationale of the BIA’s decision in Matter of K-, 7 I. & N. Dec. 594 (BIA 1957). Our court has held that the protections recognized in. that decision are not applicable to testimony given under oath in court while represented by counsel. See Urzua Covarrubias v. Gonzales, 487 F.3d 742, 749 (9th Cir.2007). That reliance, however, did not affect the IJ’s finding that the admissions were factually insufficient.
The petition for review is therefore GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.