**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSUE LUIS TSE SIO,<br><br>     Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>     Respondent. | No. 11-73889<br><br>Agency No. A095-724-184<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 7, 2015
Pasadena, California

Before: BEA and FRIEDLAND, Circuit Judges and RICE,[**] District Judge.

Josue Luis Tse Sio, a native and citizen of Honduras, petitions for review of

a final order of removal from the Board of Immigration Appeals ("BIA"), which

sustained the Government's appeal of the Immigration Judge's ("IJ") decision

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The Honorable Thomas O. Rice, United States District Judge for the
Eastern District of Washington, sitting by designation.

1

granting Sio's application for withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant Sio's petition and remand to the BIA.

We review questions of law, including whether the BIA has applied the correct standard of review, de novo. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). The BIA reviews the IJ's determinations of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii); *see Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014). Conversely, the BIA is prohibited from "engag[ing] in de novo review of findings of fact determined by an immigration judge;" rather, it reviews such findings for clear error. 8 C.F.R. § 1003.1(d)(3)(i); *see Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). Whether an alien has suffered harm "on account of" his protected status is a question of fact to be reviewed by the BIA for clear error. *See, e.g.*, *Regalado-Escobar v. Holder*, 717 F.3d 724, 726-27 (9th Cir. 2013) ("We review questions of law *de novo* and the BIA's factual findings, including whether an applicant was persecuted on account of his political opinion, under the substantial evidence standard.").

---

[1] The BIA also affirmed the IJ's denial of Sio's applications for asylum and protection under the Convention Against Torture; however, Sio has not petitioned for review of these determinations.

2

As Sio contends, and the government concedes in its responding brief,[2] the BIA did not faithfully employ the clearly erroneous standard of review in deciding Sio was not harmed "on account of" his race or ethnicity. "The BIA may find an IJ's factual finding to be clearly erroneous if it is 'illogical or implausible,' or without 'support in inferences that may be drawn from the facts in the record.'" *Rodriguez*, 683 F.3d at 1170 (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)); *Vitug*, 723 F.3d at 1063 ("[T]he BIA cannot, under a clear error standard of review, override or disregard evidence in the record and substitute its own version of reality or rely simply on its own interpretation of the facts." (alteration omitted) (citation omitted) (internal quotation marks omitted)). Because the BIA weighed the evidence, ignored reasonable inferences that could be drawn from the record in favor of Sio, and relied on its own interpretation of Sio's testimony, the BIA impermissibly engaged in de novo review or otherwise failed to faithfully apply the clearly erroneous standard of review.[3] This error of law

---

[2] At oral argument, the Government attempted to distance itself from its concession of error, but did not move to strike or amend its briefing.

[3] We do not rely on the BIA's invocation of the clear error standard; rather, we review the BIA's decision to determine whether it faithfully employed this standard. *Rodriguez*, 683 F.3d at 1170.

3

requires that we **GRANT** Sio's petition and **REMAND** to the Board so it may apply the correct standard of review.