NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN AGUILAR RUANO, AKA Juan
Miguel Aguilar Ruano,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No. 17-71814

Agency No. A088-451-246

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2018
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and EATON,** Judge.

Juan Aguilar Ruano, a native and citizen of El Salvador, seeks review of the

decision of the Board of Immigration Appeals ("BIA") affirming the denial by an

Immigration Judge ("IJ") of his request for withholding of removal and protection

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** Richard K. Eaton, Judge of the United States Court of International
Trade, sitting by designation.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part, grant it in part, and remand to the BIA.

1. Aguilar first challenges the BIA's determination that his 2015 conviction for felony false imprisonment, in violation of California Penal Code § 236, constituted a "particularly serious crime" barring withholding of removal. We review the BIA's determination for abuse of discretion, *see Alphonsus v. Holder*, 705 F.3d 1031, 1043 (9th Cir. 2013), and deny Aguilar's petition on this ground.

Contrary to Aguilar's contention, the BIA did not engage in impermissible fact-finding or fail to explain adequately its decision. The BIA's statements regarding force and Aguilar's criminal sentence are consistent with the elements of felony false imprisonment and the IJ's findings. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145–46 (9th Cir. 2014). The BIA's explanation also demonstrates sufficiently that the BIA applied the correct factors, and like the IJ, placed particular emphasis on the factual circumstances of the crime to which Aguilar pleaded no contest. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

2. We lack jurisdiction to consider Aguilar's newly submitted evidence regarding the recent change to the designation of his conviction. *See* 8 U.S.C. § 1252(a)(1), (b)(4)(A). It is for the BIA in its discretion to consider in the first instance whether this affects its particularly serious crime determination.

3. With regard to Aguilar's request for CAT deferral of removal, our review is necessarily limited to the BIA's decision because the BIA neither expressly adopted nor stated its agreement with the IJ's reasons for denying relief. *See Maldonado v. Lynch*, 786 F.3d 1155, 1160 (9th Cir. 2015) (en banc). However, the BIA did fail to address any of the record evidence regarding country conditions, including the testimony of Aguilar's expert witness and the country report. Consequently, we are unable to determine whether the BIA discharged its duty to consider "all evidence relevant to the possibility of future torture." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1085–86 (9th Cir. 2014). Nor are we able to review meaningfully whether the BIA's determination is supported by substantial evidence. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013). Therefore, we grant Aguilar's petition with respect to his application for CAT protection, and remand to the BIA to consider all relevant evidence and provide a more complete explanation for its decision.

**DENIED, in part, GRANTED, in part, and REMANDED. Each party shall bear its own costs on appeal.**

17-71814