NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO URENA GALVAN, AKA Marco Antonio Urena, AKA Marcos Urena, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-72510 <br><br> Agency No. A090-785-456 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2020[**]

Before: GRABER, TALLMAN, and CLIFTON, Circuit Judges.

Marco Antonio Urena Galvan, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's denial of withholding of removal and Convention

Against Torture ("CAT") relief. Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the BIA's particularly serious crime determination because Urena Galvan's "only challenge to that determination is that [the BIA] incorrectly assessed the facts." *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012) (referring to the jurisdictional bar set forth in 8 U.S.C. § 1252(a)(2)(C)). No exception to the jurisdictional bar applies because Urena Galvan's opening brief failed to raise a constitutional or legal question, and he does not seek review of the merits of the withholding of removal claim. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1144 (9th Cir. 2014).

Substantial evidence supports the agency's denial of CAT protection because Urena Galvan failed to establish a likelihood of torture if he is sent back to Mexico. As in *Villegas v. Mukasey*, 523 F.3d 984 (9th Cir. 2008), although "Mexican mental patients are housed in terrible squalor, nothing indicates that Mexican officials (or private actors to whom officials have acquiesced) created these conditions for the specific purpose of inflicting suffering upon the patients." *Id.* at 989 (holding that specific intent to torture is a necessary showing for a CAT claim). And a lack of access to appropriate medical care, without more, does not constitute torture. *See Cole v. Holder*, 659 F.3d 762, 773–74 (9th Cir. 2011).

Finally, Urena Galvan has not established prejudice from any alleged due process violation relating to the immigration judge's decision not to subpoena one

of Urena Galvan's former doctors. *See Pagayon v. Holder*, 675 F.3d 1182, 1191–92 (9th Cir. 2011) (per curiam) (no due process violation where petitioner could not show prejudice from the agency's rejection of corroborating evidence). The immigration judge took note of Urena Galvan's psychiatric diagnosis, awarded him a qualified representative, and reviewed the voluminous medical records he submitted. Urena Galvan has never explained how the testimony or cross-examination of the doctor was essential or would have changed the outcome of the proceeding. *See id.* (defining and applying prejudice standard); 8 C.F.R. § 1003.35(b)(3) (an immigration judge shall issue a subpoena upon being satisfied "that the witness' evidence is essential").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**