NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR HUGO VALENZUELA CRUZ, | No. 20-71305 |
| Petitioner, | Agency No. A215-562-253 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021**
San Francisco, California

Before: HAWKINS and MILLER, Circuit Judges, and MORRIS,*** District
Judge.

Hector Valenzuela Cruz petitions for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

order denying his applications for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

Valenzuela Cruz contends that the BIA erred in its determination that he had been convicted of a "particularly serious crime" rendering him ineligible for withholding of removal under the Immigration and Nationality Act or CAT. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). Our review is limited to "whether 'the agency relied on the appropriate factors and proper evidence.'" *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

The BIA did not abuse its discretion. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam). The BIA conducted a case-specific analysis under *Matter of Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982), when evaluating Valenzuela Cruz's 18 U.S.C. § 922(a)(6) conviction. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010). In doing so, the BIA permissibly considered Valenzuela Cruz's testimony and did not misconstrue the record regarding the facts and circumstances underlying his conviction or the sentence imposed. *See id.* at 678–79. Further, contrary to Valenzuela Cruz's contention, the BIA considered Valenzuela Cruz's testimony regarding his mental state but found that it did not lessen the seriousness

of the offense. *Cf. Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018) (agency erred by refusing to consider evidence regarding mental state).

Nor did the BIA err in its determination that Valenzuela Cruz failed to establish eligibility for CAT protection. The BIA's characterization of Valenzuela Cruz's arguments and evidence regarding his sexual orientation did not amount to impermissible fact-finding. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014). The BIA was not required to discuss every piece of evidence, and nothing in its decision indicates that it failed to consider or misconstrued any of the evidence relevant to Valenzuela Cruz's CAT claim. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1182–83 (9th Cir. 2021). Indeed, the BIA specifically acknowledged the expert testimony and referenced the country conditions evidence. The record does not compel the conclusion that Valenzuela Cruz would more likely than not be tortured with government acquiescence if returned to Mexico. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013).

Finally, Valenzuela Cruz has not demonstrated that the IJ deprived him of a full and fair hearing or that the BIA erred in its review of his due process claim. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005) ("Whether the IJ's actions prevented the introduction of significant testimony is critical to the ultimate question whether the alien had a reasonable opportunity to present evidence."). Although the BIA stated that there was no clear error in the IJ's assessment of the

record, the BIA's decision as a whole demonstrates that it reviewed de novo all legal claims, including Valenzuela Cruz's due process claim, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and the BIA adequately addressed Valenzuela Cruz's contentions.

The motion for a stay of removal [Docket Entry Nos. 1, 7] is denied as moot.

**PETITION DENIED.**