NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER ALEXANDER AYALA-RECARTE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  19-70645<br>        19-72515<br><br>Agency No. A206-402-941<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2024[**]
Pasadena, California

Before:  BADE and FORREST, Circuit Judges, and CURIEL,[***] District Judge.

Petitioner Walter A. Ayala-Recarte, a native and citizen of Honduras, seeks

review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

an Immigration Judge's (IJ) order denying his applications for withholding of removal and for deferral of removal under the Convention Against Torture (CAT), and the BIA's denial of his motion to reopen and remand. "Whether the BIA applied the correct standard of review to the IJ's decision is a question of law, and is thus reviewed de novo." *Vitug v. Holder*, 723 F.3d 1056, 1062–63 (9th Cir. 2013). We review the agency's denial of CAT relief for substantial evidence, *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022), and the BIA's denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

1. Ayala-Recarte contends that the BIA applied the incorrect standard of review to the IJ's determination that Ayala-Recarte had been convicted of a "particularly serious crime" and thus was ineligible for withholding of removal.[1] *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). Specifically, Ayala-Recarte argues that the BIA engaged in impermissible, de novo review of the IJ's findings of fact rather than applying the clearly erroneous standard of review.

In reviewing an IJ's "particularly serious crime" determination, the BIA must analyze "two distinct questions." *Perez-Palafox v. Holder*, 744 F.3d 1138,

---

[1] Ayala-Recarte is removable based on a conviction covered by 8 U.S.C. § 1252(a)(2)(C). *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

1145 (9th Cir. 2014). "[T]he first is a factual question and the second is a question of law." *Id.* "The factual question involves the findings detailing the particular circumstances underlying the petitioner's claim. Questions of law resolve the legal consequences of the underlying facts." *Id.*

Here, the BIA determined that the IJ had "incorrectly stated" at least one fact. But it further determined that the legal consequences of the alleged errors were immaterial to the IJ's ultimate determination. *See id.* Accordingly, the BIA properly answered the "two distinct questions" in reviewing the IJ's "particularly serious crime" determination and did not engage in de novo fact finding. *Id.* ("Although [the petitioner] accuses the BIA of engaging in improper factfinding, he does not point to any fact found by the IJ that was ignored by the BIA, or any fact found by the BIA that was not found by the IJ.").

2. Substantial evidence supports the agency's denial of CAT relief. To obtain CAT relief, "[t]he record must show that it is more likely than not that the petitioner will face a particularized and non-speculative risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). And the applicant must establish that torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Ayala-Recarte testified that he was the victim of an attempted kidnapping when he was a child in Honduras, and that the perpetrator

was the same man who had shot his mother a few years earlier. But he acknowledged that in the eleven years he had been in the United States, he had not "personally received any contact" from this man. And he did not know how this man would be able to identify him because he was a child the last time he saw this man. Moreover, when his family filed a police report about his mother's shooting, the government investigated and prosecuted the assailant. Thus, Ayala-Recarte offers only speculative reasons for why he would be tortured upon removal and no evidence to suggest the government would assist or acquiesce in his torture. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard.").

The BIA also did not err in rejecting Ayala-Recarte's fear of torture due to his deportee status and accent. The record evidence, including an article that Ayala-Recarte submitted, does not establish that violence deportees face is particularized to their deportee status, but rather it is the result of "the same life-threatening situations which initially pushed them to escape." Ayala-Recarte's conclusory statement that "background material" shows that "the government of Honduras is fully aware of the torturous activities the gangs and criminal actors in Honduras engage in" falls short. Awareness of crime is insufficient to show government acquiescence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

4

Finally, substantial evidence also supports the BIA's conclusion that the IJ did not require proof of past torture for Ayala-Recarte to show a likelihood of future torture. The IJ properly considered the lack of past torture within its CAT analysis because "[e]vidence of past torture is relevant (though not alone sufficient) in assessing a particular petitioner's likelihood of future torture." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022). And the IJ listed four reasons why it could not "find that it is more likely than not that [Ayala-Recarte] will be tortured in the future." Moreover, the record does not compel the conclusion that Ayala-Recarte was "tortured by or with the consent or acquiescence of a public official in [Honduras]." *Park*, 72 F.4th at 980. As the BIA noted, the government prosecuted his mother's shooter, and his attempted kidnapping was never reported to the police. Substantial evidence supports the BIA's conclusion that the country conditions evidence does not overcome Ayala-Recarte's experience in Honduras. *See Ruiz-Colmenares*, 25 F.4th at 751.

3. Although the BIA's denial of Ayala-Recarte's motion to reopen merged with the final order of removal, *Tapia Coria v. Garland*, 96 F.4th 1192, 1199–1200 (9th Cir. 2024), we have jurisdiction to review Ayala-Recarte's challenge to that denial of his motion to reopen because it presents a mixed question of law and fact, *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *see* 8 U.S.C. § 1252(a)(2)(D). The BIA may deny a motion to reopen if it "hold[s] that

5

the movant has not introduced previously unavailable, material evidence." *INS v. Abudu*, 485 U.S. 94, 104 (1988); *see* 8 C.F.R. § 1003.2(c)(1). Ayala-Recarte asserts that he was hindered in his search for the new evidence offered with his motion to reopen because he was detained. But he obtained that same evidence while detained, and he does not explain why, "as a practical matter," he could not have obtained the documents earlier, *Iturribarria*, 321 F.3d at 895, or why the evidence "could not have been discovered," 8 C.F.R. § 1003.2(c)(1); *see Goel v. Gonzalez*, 490 F.3d 735, 738 (9th Cir. 2007). Nothing in the record or Ayala-Recarte's briefing suggests that the local newspaper article or court documents, which were dated many years before Ayala-Recarte's removal hearing, were sealed or otherwise unavailable to the public. Therefore, the BIA acted within its broad discretion when it concluded that Ayala-Recarte failed to show that the evidence was not "available or capable of being discovered," *Goel*, 490 F.3d at 738, at the time of his removal proceedings before the IJ.

**PETITIONS DENIED.**