NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENZO RAMIREZ SANCHEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 18-72183

Agency No. A200-572-505

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025**
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Petitioner Lorenzo Ramirez Sanchez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

appeal from an immigration judge's ("IJ") denial of his request for cancellation of

removal. Ramirez Sanchez's petition raises questions of law over which we have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

jurisdiction under 8 U.S.C. § 1252(a)(2)(D) and which we review de novo. *See Lemus-Escobar v. Bondi¸* 140 F.4th 1079, 1086, 1089 (9th Cir. 2025). "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). We deny the petition.

1.      Ramirez Sanchez argues that the immigration court lacked jurisdiction because his notice to appear did not include a certificate of service "indicat[ing] the Immigration Court in which the charging document is filed," as required by 8 C.F.R. § 1003.14(a). To the contrary, 8 C.F.R. § 1003.14(a) does not implicate jurisdiction; rather it is "a docketing rule whose function extends no further than providing for 'the orderly administration of proceedings, including deportation proceedings, before the immigration judges.'" *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (quoting *United States v. Cortez*, 930 F.3d 350, 362 (4th Cir. 2019)); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 n.4 (9th Cir. 2020) (discussing the BIA's interpretation of the certificate requirement as non-jurisdictional). The omission of the certificate listing the place of filing did not deprive the immigration court of jurisdiction. *See Bastide-Hernandez*, 39 F.4th at

1193 ("[D]efects in an NTA . . . have no bearing on an immigration court's adjudicatory authority.").

2.      Ramirez Sanchez also contends that the BIA legally erred by engaging in factfinding on an issue the IJ did not reach. "The BIA may not engage in factfinding in the course of deciding appeals." *Guerra*, 974 F.3d at 912 (citation modified); *see also* 8 C.F.R. § 1003.1(d)(3)(iv). Contrary to Ramirez Sanchez's contention, the IJ determined that his acceptance of voluntary return in 2009 was knowing and voluntary. And in so doing, the IJ "considered the Exhibits marked 1 through 10, as well as [Ramirez Sanchez's] testimony with regard to the requisite 10 years of continuous physical presence." The BIA appropriately reviewed the IJ's determination on the issue. The BIA's statement that "there is no objective evidence to support the respondent's claim he was denied due process because the immigration officers acted improperly in obtaining his consent to accept voluntary return," was not appellate factfinding but rather a response to Ramirez Sanchez's due process claim raised in his appeal to the BIA. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014) ("Although [the petitioner] accuses the BIA of engaging in improper factfinding, he does not point to any fact found by the IJ that

3

was ignored by the BIA, or any fact found by the BIA that was not found by the IJ.").

**PETITION DENIED.**[1]

---

[1] The stay of removal remains in place until the mandate issues.