**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARC ANTONY BRISTOW, | No. 12-72637 |
| Petitioner, | Agency No. A028-294-488 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Marc Anthony Bristow, a native and citizen of the United Kingdom,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

dismissing his appeal from an immigration judge's removal order. We have

jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

questions of law, *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011), and we review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

We reject Bristow's claim that the BIA engaged in improper fact-finding, where the BIA took Bristow's statements in his appeal brief as true and did not make independent findings of fact. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145-46 (9th Cir. 2014) (concluding that the BIA did not engage in improper fact-finding, where it "completely accepted" the undisputed facts of the case); *see also Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (holding that the BIA is under "an affirmative obligation to 'accept as true the facts stated in [a petitioner's] affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable'" (citations omitted)).

The BIA correctly concluded that Bristow did not make a prima facie showing of an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (holding that a Fourth Amendment violation is egregious if "evidence is obtained by deliberate violations of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution." (brackets, internal quotation marks, and emphases omitted)). Accordingly, the BIA did not abuse its discretion in not

remanding to the immigration judge. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (a motion to reopen will not be granted unless the applicant establishes a case of prima facie eligibility for the underlying relief sought).

Finally, we may not consider Bristow's out-of-record assertions in his opening brief, and we deny Bristow's motion to take judicial notice of the search warrant. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED.**