**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO RENE DE JESUS-SANCHEZ, AKA Sergio De Jesus Sanchez, AKA Sergio Sanchez, | No. 13-71955 |
| Petitioner, | Agency No. A201-034-208 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2015**
San Francisco California

Before: NOONAN and CLIFTON, Circuit Judges, and ADELMAN, District Judge.***

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

&ast;&ast;&ast; The Honorable Lynn S. Adelman, District Judge for the U.S. District Court for the Eastern District of Wisconsin, sitting by designation.

Sergio Rene De Jesus-Sanchez petitions for review of the Board of Immigration Appeals' decision denying withholding of removal and protection under the Convention Against Torture. We dismiss in part and deny in part.

We lack jurisdiction to review an order of removal against an alien removable for having committed an aggravated felony, except over constitutional or legal claims or when denial of relief is on the merits of the claim. U.S.C. § 1252(a)(2)(C), (D); *Perez-Palafox v. Holder*, 744 F.3d 1138, 1144 (9th Cir. 2014). To the extent De Jesus-Sanchez disputes the weight given to each piece of evidence about the loaded gun and the non-violent nature of his crime, we dismiss his challenge to the BIA's conclusion that he committed a particularly serious crime and was ineligible for withholding of removal. To the extent De Jesus-Sanchez raises legal challenges to the BIA's conclusion, his claims lack merit. The BIA relied on reliable evidence and considered relevant factors.

We have jurisdiction to review the BIA's denial of deferral of removal under the Convention Against Torture because it was a decision on the merits. *See Lemus-Galvan v. Mukasey*, 518 F.3d 1081, 1083 (9th Cir. 2008). Substantial evidence supported the BIA's denial. Although De Jesus-Sanchez presented evidence that he is at risk of being attacked upon return to Mexico, this evidence did not compel a finding that he more likely than not would be tortured. Further,

2

the evidence did not suggest De Jesus-Sanchez would be tortured "by or at the instigation of or with the consent or acquiescence of a public official." *See Kalmathas v. INS*, 251 F.3d 1279, 1282-83 (9th Cir. 2001).

**Petition DISMISSED in part; DENIED in part.**