**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENE ALFREDO MEZA-BARHONA, | No. 13-71405 |
| Petitioner, | Agency No. A094-290-804 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2015
Pasadena, California

Before: FISHER, BYBEE, and BEA, Circuit Judges.

Petitioner Rene Alfredo Meza-Barhona petitions for review of two BIA

decisions. In the first, the BIA reversed the IJ's grant of withholding of removal

under 8 U.S.C. § 1231(b)(3)(A), finding that Meza-Barhona's prior conviction for

possession of child pornography constituted a particularly serious crime, such that

he is barred from obtaining withholding of removal under 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

§ 1231(b)(3)(B)(ii). In the second decision, the BIA affirmed the IJ's denial of Meza-Barhona's claim under the Convention Against Torture (CAT). "[W]e review de novo the BIA's determinations of questions of law and its legal conclusions." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). "We review factual findings of the BIA for substantial evidence," and we will uphold such findings "unless the evidence compels a contrary result." *Gallegos-Vasquez v. Holder*, 636 F.3d 1181, 1184 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252,[1] and we deny the petition for review.

---

[1]The government argues that 8 U.S.C. § 1252(a)(2)(C) bars our jurisdiction. Section 1252(a)(2)(C) bars jurisdiction over final orders of removal when an alien concedes to committing an aggravated felony. Section 1252(a)(2)(D), however, permits our review of questions of law. *Perez-Palafox v. Holder*, 744 F.3d 1138, 1144 (9th Cir. 2014) (citing *Pechenkov v. Holder*, 705 F.3d 444 (9th Cir. 2012)). Both questions presented regarding the BIA's particularly serious crime determination are questions of law. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1342–43 (9th Cir. 2013) (holding that whether the BIA applied the proper legal standard in making its particularly serious crime determination is a question of law); *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (holding that whether the BIA engaged in impermissible factfinding is a question of law). With respect to Meza-Barhona's CAT claim, we have jurisdiction because both the IJ and the BIA denied CAT relief on the merits and did not rely on his prior conviction. *See Brezilien v. Holder*, 569 F.3d 403, 410 (9th Cir. 2009) (holding that "as to factual issues, when an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions . . . apply to divest this court of jurisdiction" (ellipsis in original) (citation and internal quotation marks omitted)).

Meza-Barhona argues that the BIA failed to apply a case-by-case standard in making its particularly serious crime determination and instead concluded that his child pornography conviction was per se a particularly serious crime. We disagree. The BIA specifically stated that it was making its determination "on a case by case basis," and clarified that Meza-Barhona's offense was "not per se a particularly serious crime." The BIA then applied the proper standard—the four-factor test outlined in *In re Frentescu*, 18 I&N Dec. 244 (BIA 1982)—and it considered the specific facts involved in Meza-Barhona's conviction, including the nature of his particular possession of child pornography, the length and severity of his sentence, and the extent to which he posed a danger to the community. Accordingly, the BIA applied the correct standard in its particularly serious crime determination.

The BIA also did not engage in impermissible factfinding in determining that Meza-Barhona's conviction constituted a particularly serious crime. "We have consistently held that application of the *Frentescu* factors to the underlying facts is a legal conclusion and not a factfinding endeavor." *Perez-Palafox*, 744 F.3d at 1145 (citing cases). Here, the BIA relied on all of the same facts that the IJ considered and relied on; the BIA simply reached a different legal conclusion.

The BIA's decision to deny relief under the CAT was supported by substantial evidence and did not involve legal error. The BIA noted that Meza-

3

Barhona never established or even claimed that he suffered past torture. Also, the BIA determined from the State Department's Country Report, which Meza-Barhona's counsel entered into the record before the IJ, that the LGBT community in Honduras was active and that crimes against members of that community were being prosecuted. Contrary to Meza-Barhona's contention, the IJ and BIA did not err in finding that his previously credited evidence of past persecution failed to substantiate his claims of torture. The standards for withholding of removal and CAT relief are different, and an IJ's finding on one of these grounds for relief does not necessarily dictate its finding on the other. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). Finally, the BIA did not deny Meza-Barhona his right to due process when it took administrative notice of a State Department Country Report which both parties cited in their briefing before the BIA.

We thus deny Meza-Barhona's petition with respect to both BIA decisions.

**PETITION DENIED.**