**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GLORIA MARTHA ORNELAS, AKA Gloria Ornelas, AKA Debra Vasquez,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   13-74314<br><br>Agency No. A076-969-165<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Gloria Martha Ornelas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision finding her removable and denying her motion to

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

suppress evidence and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Ornelas' motion to suppress and terminate, where she did not demonstrate that the statements in her Form I-213 or Record of Sworn Statement were obtained through an egregious violation of the Fourth Amendment. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008) (a Fourth Amendment violation is egregious if evidence is obtained by a deliberate violation of the Fourth Amendment, or by conduct a reasonable officer should have known is in violation of the Constitution).

The agency did not err by admitting the Form I-213 or Record of Sworn Statement, where the documents submitted were probative and their admission was fundamentally fair. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003).

The record does not support Ornelas' contention that she was denied a full and fair hearing regarding her motion to suppress. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case" (internal quotation marks and citation omitted)).

13-74314

Finally, Ornelas' contentions that the BIA failed to consider relevant portions of the transcript, engaged in improper fact-finding, misapplied the law, and did not sufficiently articulate its decision are not supported by the record. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145-46 (9th Cir. 2014) (concluding that the BIA did not engage in improper fact-finding, where it "completely accepted" the undisputed facts of the case); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention" (internal citation omitted)).

**PETITION FOR REVIEW DENIED.**

13-74314