**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALMA MEDRANO-LOPEZ; DAYANA ASCENCIO-MEDRANO; RANCES ASCENCIO-MEDRANO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70736 <br><br> Agency Nos.      A088-038-054 <br>             A088-038-055 <br>             A088-038-058 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2014
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and CHEN, District Judge.[**]

Alma Medrano Lopez and her daughter and son, Dayana and Rances

(collectively, the "Medranos"), appeal from the Board of Immigration Appeals'

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

("BIA's") denial of relief pursuant to the Convention Against Torture ("CAT").

The Medranos contend that the BIA impermissibly applied de novo review to the

Immigration Judge's ("IJ's") factual findings.

We conclude that: (1) the BIA articulated and applied the proper standard of

review to the IJ's findings of fact and incorporated them into its decision; and (2)

CAT eligibility is a mixed question of law and fact and the record does not compel

a finding that the Medranos qualify for relief under CAT. We deny the petition.[1]

**1. The Medranos have not shown that the BIA applied an improper**

**standard of review to the IJ's factual findings.**

The BIA recognized and acknowledged that the IJ's factual findings were to

be reviewed for clear error and accepted the factual findings made by the IJ. *See*

*Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014). The BIA did not

reverse the IJ's positive credibility determination regarding Mrs. Medrano's

testimony that she received a phone call from a man claiming to be affiliated with

the police. However, the BIA focused on whether the Medranos had met their

burden of proof in establishing police involvement, thus qualifying them for CAT

relief. The BIA acknowledged that "the record indicates police involvement in

---

[1]     Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

common crimes," but also found there was no evidence of systemic government sanctioned corruption, reiterating the IJ's finding that the evidence in this case was "scant." The BIA's review of the IJ's factual findings was appropriate.

**2. A reasonable fact finder would not be compelled to conclude that the BIA erred in finding the Medranos ineligible for CAT relief.**

A determination of the likelihood of future torture for purposes of CAT eligibility is a mixed question of law and fact involving a two-step inquiry: (1) "what is likely to happen if the petitioner is removed" (a factual determination); and (2) "does what is likely to happen amount to the legal definition of torture" (a legal question). *Ridore v. Holder*, 696 F.3d 907, 915 (9th Cir. 2012) (emphasis omitted); *Perez-Palofox*, 744 F.3d at 1145. "For an act to constitute torture it must be: (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for a proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions." *Ridore*, 696 F.3d at 912 (internal quotation marks omitted). An applicant seeking CAT protection bears the burden of establishing: (1) that it is more likely than not that he will suffer intentionally cruel and inhuman treatment; and (2) that this treatment will have been "'inflicted by or at the instigation of or with the consent or acquiescence of a

3

public official or person acting in an official capacity.'" *Abufayad v. Holder*, 632 F.3d 623, 631-32 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.18(a)(1)).

Here, on the basis of the IJ's factual findings, the BIA determined that any harm the Medranos were likely to suffer in the future did not meet the legal definition of torture. Specifically, the BIA determined that the Medranos failed to show that any harm Dayana might suffer in the future would be at the instigation or acquiescence of the government. The BIA further noted evidence in the record indicating that in El Salvador complaints against police officers are generally investigated and prosecuted. The BIA clearly stated that even if the police were involved in common crimes such as Dayana's kidnaping, any involvement did not rise to the level of systemic participation, and thus does not meet the legal definition of torture. Therefore, as a legal matter the BIA "[could] not conclude that the respondent satisfied her burden of proving eligibility for protection under [CAT]."

Accordingly, substantial evidence supports the BIA's conclusion that the Medranos failed to show that it was more likely than not that they would be tortured should they return to El Salvador. *See Abufayad*, 632 F.3d at 631. While reasonable minds could differ as to whether the petitioner faced more than a 50% chance of torture upon return, "a reasonable factfinder would not be compelled to

4

conclude that the BIA erred in its determination." *Id.*; *see also Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (accepting the IJ's finding of past persecution, but concluding that the BIA properly "found that the record as a whole provided insufficient evidence to establish that it was 'more likely than not' that [the petitioner] would be tortured by the . . . government" in the future). The BIA clearly articulated the "clear error" standard of review for factual determinations by the IJ, and accepted those factual findings. The BIA's de novo review of the sufficiency of the Medranos' CAT claims was appropriate and its denial of CAT was based on substantial evidence. The record does not compel reversal.

The petition is DENIED.