FILED

NOT FOR PUBLICATION

JUL 17 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALMA MEDRANO-LOPEZ; DAYANA ASCENCIO-MEDRANO; RANCES ASCENCIO-MEDRANO, | No.   15-71203 |
| | Agency Nos.        A088-038-054 |
| Petitioners, | A088-038-055 |
| | A088-038-058 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2018
Pasadena, California

Before:  ROGERS,[**] BYBEE, and WATFORD, Circuit Judges.

Petitioners Alma Medrano Lopez, Dayana Ascencio Medrano, and Rances

Ascensio Medrano ("Petitioners") seek review of the Board of Immigration

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable John M. Rogers, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Appeals' ("BIA") denial of their motion to reopen their asylum and withholding of removal proceedings. The BIA concluded that Petitioners' motion to reopen, filed more than three years after the BIA's previous decision in their case, did not fall within the exceptions to the 90–day time limitation for motions to reopen. The BIA held that Petitioners' new evidence was insufficient to establish materially changed country conditions in El Salvador and that Petitioners had not established a prima facie case for the relief sought. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition for review.

The denial of a motion to reopen is reviewed for abuse of discretion, and "the BIA abuses its discretion when its denial is 'arbitrary, irrational, or contrary to law.'" *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). The BIA must accept the facts asserted by a petitioner in a motion to reopen as true unless they are "inherently unbelievable," and the BIA "must show proper consideration of all factors, both favorable and unfavorable, in determining whether to grant a motion to reopen and must articulate its reasons for denying such a motion." *Id.* (internal quotation marks omitted). "While the BIA 'does not have to write an exegesis on every contention,' it is required to 'consider the issues raised, and announce its decision

2

in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Id.* at 1206–07 (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)).

The BIA's denial, explained in a single paragraph of analysis, is an abuse of discretion. Although Petitioners' claims for asylum and withholding of removal were denied by the Immigration Judge ("IJ") for failure to show a nexus to a protected ground, the IJ determined that Petitioners had met the greater burden under the Convention Against Torture ("CAT") by showing that it was more likely than not that they would be tortured upon removal. These factual findings were not disturbed by the BIA's determination that Petitioners' evidence of the government's consent or acquiescence in that torture was legally insufficient for CAT relief. *See Medrano-Lopez v. Holder*, 584 F. App'x 319, 320–21 (9th Cir. 2014).

In denying reopening because "[e]vidence of gang violence and police corruption in El Salvador does not demonstrate that the respondents have fears that differ from the populace as a whole," the BIA improperly disregarded the evidence from the original proceedings establishing Petitioners' well-founded fear of future harm rising to the level of persecution, as well as the new evidence Petitioners

3

submitted attesting to the continued harm faced by the family since they left El Salvador.

The BIA stated that Petitioners "still have not demonstrated a nexus between the persecution they fear and a protected ground under the Act . . . ." Petitioners contend that their new evidence establishes a protected ground—a particular social group, evidence of which was not available during their original proceedings, of "young Salvadoran women viewed as property and acceptable victims by the country's gangs." In reaching only the nexus issue, the BIA must have assumed the validity of this particular social group. *See*, *e.g.*, *Matter of C-T-L-*, 25 I. & N. Dec. 341, 349 (BIA 2010). But if the cognizability of the social group is assumed, then the IJ's undisturbed factual findings compel the conclusion that Petitioners have a reasonable likelihood of demonstrating a well-founded fear of persecution on account of a protected ground: The IJ determined that the kidnaping of Dayana by gang members and those who identified themselves as police officers was "prompted" by money, but that money was *not* "the reason for the release *and the subsequent harm that may ensue*," as no ransom was paid. Rather, the IJ found that the release and future harm feared by Petitioners were motivated by a gang leader's "demand that the child be provided to him as a bride." Because the BIA failed to either determine the cognizability of the particular social group in light of

4

the new evidence of conditions in El Salvador or provide a reasoned explanation for why the evidence already in the record did not demonstrate a nexus to this particular social group, it abused its discretion.

Finally, the BIA continued in the same sentence, ". . . nor a change indicating it is more likely than not that they would now be tortured in El Salvador with the consent or acquiescence of the government." Petitioners' motion to reopen before the BIA did not seek to reopen those proceedings; rather, it addressed only asylum and withholding of removal. It thus appears that the BIA applied the wrong legal standard in determining whether Petitioners met their burden for reopening their asylum and withholding of removal proceedings. The BIA may have intended with this line to cover all possible bases for relief, but in the absence of any explanation for its *sua sponte* consideration of whether Petitioners' new evidence of a protected ground warranted the reopening of their CAT proceedings, it has, at a minimum, failed to sufficiently explain its denial.

The petition for review is **GRANTED**, and the case is **REMANDED** to the BIA with instructions to consider properly Petitioners' changed country conditions evidence.

*Medrano-Lopez v. Sessions*, No.15-71203

ROGERS, Circuit Judge, dissenting.

I respectfully dissent. Although spare, the BIA's reasons given for denying re-opening were sufficiently clear to preclude a determination that the Board abused its discretion.