**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN RAMON MADRIGAL NAVARRO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.    15-71398<br><br>Agency No. A092-244-654<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2018
San Francisco, California

Before:  SCHROEDER, TORRUELLA,** and RAWLINSON, Circuit Judges.

Juan Madrigal Navarro (Madrigal) petitions for review of a decision by the

Board of Immigration Appeals (BIA) affirming a ruling by the Immigration Judge

(IJ) that Madrigal was statutorily ineligible for cancellation of removal, asylum,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Juan R. Torruella, United States Circuit Judge for the
First Circuit, sitting by designation.

and withholding of removal based on his conviction for possession of cocaine base for sale in violation of California Health & Safety Code § 11351.5.

Madrigal contends on appeal that the BIA engaged in impermissible factfinding and that inadequate sign-language interpretation violated due process. We do not agree.

Madrigal does not dispute that he was convicted of a violation of California Health & Safety Code § 11351.5, or that the conviction constitutes an aggravated felony barring him from asylum relief. Rather, he argues that the conviction should not be considered a particularly serious crime barring him from withholding of removal. Specifically, Madrigal attempts to make a distinction between the IJ's finding that Madrigal associated with members of a street gang involved with drugs, and his characterization of his cohorts as "just bad people." However, we must accept the factual findings made by the IJ unless the evidence compels a contrary result. *See Abufayad v. Holder*, 632 F.3d 623, 629 (9th Cir. 2011), *as amended*. The evidence in this case does not do so where Madrigal explicitly pled guilty to a drug trafficking offense.

Madrigal also contends that the BIA engaged in impermissible factfinding. However, the BIA merely noted the absence of evidence to rebut the presumption that a drug trafficking aggravated felony is a particularly serious crime. Comments

on the lack of evidence do not equate to impermissible factfinding by the BIA. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014) (concluding that no impermissible factfinding occurred when the BIA applied the law to the facts found by the IJ).

Finally, Madrigal asserts that he was deprived of due process because of inadequate sign-language interpretation. However, because Madrigal is ineligible for any relief, any due process violation was harmless. *See Yan Liu v. Holder*, 640 F.3d 918, 931 (9th Cir. 2011), *as amended*.[1]

PETITION DENIED.

---

[1]Madrigal's speculation that he *might* have shown government involvement to qualify for relief under the Convention Against Torture is too speculative to establish prejudice. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).