NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS MARIA SEGURA, AKA Luis Segura Escobar, AKA Luis Escobar Segura, | No. 14-71878 |
| Petitioner, | Agency No. A075-613-457 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 31, 2018
Pasadena, California

Before: WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Luis Maria Segura Escobar (Segura) petitions for review of the Board of

Immigration Appeals' (BIA) denial of his motion to reopen as untimely and

unsupported by evidence of exceptional circumstances. We have jurisdiction

pursuant to 8 U.S.C. § 1252(b)(6).[1] We review the BIA's decision for abuse of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] To the extent Segura challenges the BIA's decision not to invoke its *sua sponte* authority to reopen, we lack jurisdiction. *See Mejia-Hernandez v.*

discretion. *See Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012). We deny the petition for review.

The BIA did not abuse its discretion by considering the supplemental documents the immigration court received after the Immigration Judge (IJ) had issued her decision. The BIA reviews discretionary decisions, such as whether to reopen an immigration case, *de novo*. 8 C.F.R. § 1003.1(d)(3)(ii); *see also Ridore*, 696 F.3d at 911. Thus when ruling on Segura's motion to reopen, the BIA possessed the authority to consider Segura's supplemental documents presented in support thereof.

Nor did the BIA engage in improper factfinding when it decided that Segura had not exercised due diligence to warrant equitable tolling of the deadline to file a motion to reopen. Segura does not challenge the BIA's conclusion that his motion was untimely, as he filed it well beyond the 180-day filing deadline. *See* 8 U.S.C. § 1229a(b)(5)(C); *Singh v. INS*, 213 F.3d 1050, 1051 (9th Cir. 2000). The BIA did not engage in factfinding to determine whether equitable tolling was warranted because it merely "accept[ed] as true the facts stated in [Segura's] affidavit in ruling upon his motion to reopen," and applied the law to those established facts. *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007); *see Perez-Palafox v.*

---

*Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *see also* 8 C.F.R. §§ 1003.1(d)(3)(ii), 1003.23 (allowing the BIA to review all discretionary decisions *de novo*).

*Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014) (concluding that the BIA did not abuse its discretion when it "completely accepted" the facts found by the IJ.) Segura does not argue that the IJ would have found facts different than the BIA, or that the BIA did not "accept as true" the facts he presented in those documents.

The BIA identified a gap in Segura's evidence regarding his filing delay. There is no evidence in the record of any actions taken by Segura between the day after his removal hearing in January 2011, when he went to the immigration court, and the day he obtained counsel in September 2013. And while Segura provided some evidence demonstrating how his diabetes left him incapacitated for a period of time in 2012, he provided no evidence that his diabetes prevented him filing a motion to reopen between 2012 and the filing of his motion almost sixteen months later. The BIA credited all of Segura's evidence, but based on the lack of evidence in the record, the BIA reasonably determined that Segura failed to show that "despite due diligence," "circumstances beyond [his] control" caused his filing delay. *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc) (citations omitted). Indeed, Segura's delay was far longer than we have previously found inexcusable. *See, e.g., Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007) (finding the petitioner had not acted with due diligence because he waited six months before hiring another attorney after becoming suspicious of fraud).

**PETITION DENIED.**

3