**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LORENA RAMIRES-FLORES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-72554

Agency No. A078-261-683

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2020
Anchorage, Alaska

Before:  CHRISTEN, WATFORD, and BADE, Circuit Judges.

Lorena Ramires-Flores[1] petitions for review of the Board of Immigration

Appeals' decision dismissing her appeal from the Immigration Judge's order

finding her competent to represent herself and ineligible for relief under the

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1]  Petitioner's real name is Maria Isabel Cota Banuelos.  For consistency
with a prior petition for review in this court, counsel here used the alias from her
visa.  To avoid confusion, we also use Petitioner's alias.

Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we grant the petition in part, deny it in part, and remand for further consideration.[2]

1. We agree with the BIA that the IJ did not err in finding Ramires-Flores competent.[3] An alien is competent to participate in her immigration proceeding if "she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018) (quoting *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011)). After the government stipulated that Ramires-Flores was entitled to a hearing to determine whether she was part of the class certified in *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014), the IJ also considered her "ability to perform additional functions necessary for self-representation." *Id.* at *6.

---

[2] Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

[3] The parties dispute the applicable standard of review for competency determinations. Because we would affirm the BIA under either the substantial evidence or de novo standard, we need not determine which applies.

Ramires-Flores contends that the IJ erred by finding that she was not a class member under *Franco-Gonzalez*, 2011 WL 11705815, at *16, but Ramires-Flores takes this stray statement out of context. In any event, the misstatement was harmless because the IJ conducted a competency hearing.

The IJ used *Franco-Gonzalez*'s framework and its suggested questions to evaluate Ramires-Flores's competency. The IJ questioned her understanding of the immigration process and her legal rights. He also examined her competency over the course of the proceedings, noting her mental condition throughout the six months prior to her initial immigration hearing. We agree with the BIA's conclusion that the IJ's competency finding was not erroneous.

2.      Substantial evidence does not support the IJ's decision denying Ramires-Flores CAT relief. *See Kamalthas v. INS*, 251 F.3d 1279, 1281 (9th Cir. 2001). First, the IJ made no finding as to whether Ramires-Flores would "more likely than not" be tortured if removed, 8 C.F.R. § 1208.16(c)(2), so there was no finding on the first prong of CAT to which the BIA could defer. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014) (noting that the BIA may not engage in de novo factfinding and may only review factual findings). We remand for findings on CAT's first prong in the first instance.

As to the second prong of the CAT claim, the IJ erred by concluding that Ramires-Flores failed to establish acquiescence. *Madrigal v. Holder*, 716 F.3d 499, 509–10 (9th Cir. 2013). Acquiescence occurs where public officials are "aware[] of the [torture] (or consciously close their eyes to the fact it is going on); and . . . breach their legal responsibility to intervene to prevent the [torture] because they are unable or unwilling to oppose it." *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017). The IJ incorrectly deferred to the Mexican government's efforts to curtail crime generally instead of answering the critical question: whether, despite these efforts, local public officials would acquiesce in Ramires-Flores's torture. *See Madrigal*, 716 F.3d at 510 (observing that "[i]f public officials at the state and local level in Mexico would acquiesce in any torture [the petitioner] is likely to suffer, this satisfies CAT's requirement that a public official acquiesce in the torture, even if the federal government in Mexico would not similarly acquiesce[]"). The record compels a contrary conclusion to the one reached in this case because Ramires-Flores presented detailed, extensive, and credible testimony that a Mexican police car escorted the car that took her across the border and delivered her to a drop house in Arizona. She testified that a federal police officer stood outside the drop house and made no attempt to

4

intervene despite the obvious smuggling activity.  This record compels the conclusion that Ramires-Flores satisfied CAT's second prong.

**GRANTED IN PART; DENIED IN PART; REMANDED**, with the parties to bear their own costs.