NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FABIOLA ALICIA CAMORLINGA-CRUZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No.　20-71642<br><br>Agency No. A206-548-289<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021[**]
Seattle, Washington

Before:　McKEOWN, MILLER, and BADE, Circuit Judges.

Petitioner Fabiola Camorlinga-Cruz petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ)

denial of asylum, statutory withholding of removal, and withholding of removal

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT).[1] We have jurisdiction to review final orders of removal, 8 U.S.C. § 1252(a)(1), and deny the petition.

1.	Camorlinga-Cruz challenges the agency's finding that her 2013 conviction for unlawful delivery of methamphetamine was a particularly serious crime, barring her from asylum, statutory withholding of removal, and CAT withholding of removal.  8 U.S.C. § 1158(b)(2)(A)(ii) (asylum); *id.* § 1231(b)(3)(B)(ii) (withholding); 8 C.F.R. § 1208.16(d)(2) (CAT).  To the extent Camorlinga-Cruz challenges the agency's assessment of the facts in reaching that conclusion, we lack jurisdiction, and may not reweigh the evidence.  *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1144 (9th Cir. 2014); *Pechenkov v. Holder*, 705 F.3d 444, 448–49 (9th Cir. 2012).  Accordingly, we do not review the agency's factfinding here.

2.	To the extent Camorlinga-Cruz argues the agency applied an incorrect legal standard in determining her conviction was for a particularly serious crime, we have jurisdiction and review for an abuse of discretion.[2] *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015); *Arbid v. Holder*, 700 F.3d 379, 382–85 (9th Cir. 2012) (per curiam).  The agency abuses its discretion when it acts

---

[1] Camorlinga-Cruz was granted deferral of removal under CAT, a decision neither party appeals.

[2] On appeal, Camorlinga-Cruz seems to argue that the IJ abused his discretion in admitting a police report over her objection.  Because this issue was not raised in her brief to the BIA, we lack jurisdiction to reach it here.  *See* 8 U.S.C. § 1252(d)(1); *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011).

"arbitrarily, irrationally, or contrary to law." *Arbid*, 700 F.3d at 385 (quoting *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000)).

In this case, the IJ considered the nature of Camorlinga-Cruz's conviction, observing that it was for "unlawful delivery of methamphetamine." He next considered the facts and circumstances of the conviction and noted that the conviction involved "a substantial quantity" of methamphetamine and that Camorlinga-Cruz confirmed that she threw her backpack out of the car window as police approached. He also noted the 60-month prison sentence. Accordingly, the agency reviewed Camorlinga-Cruz's conviction under the correct standard and did not act arbitrarily, irrationally, or contrary to law in concluding that under the applicable factors Camorlinga-Cruz had been convicted of a particularly serious crime. *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 991 (9th Cir. 2018) (setting forth the factors an IJ must consider in determining whether a conviction was for a particularly serious crime and observing that "there is no statutory requirement for a separate determination of dangerousness focusing on the likelihood of future serious misconduct on the part of the alien"); *Arbid*, 700 F.3d at 384–85 (holding there was no abuse of discretion in the agency's application of the factors).

**PETITION DENIED.**