NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO YBOY FLORES, | No. 20-73229 |
| Petitioner, | Agency No. A044-254-657 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and GONZALEZ ROGERS,[***] District Judge.

Luis Alberto Yboy Flores ("Flores"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' (the "BIA") decision to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvonne Gonzalez Rogers, United States District Judge for the Northern District of California, sitting by designation.

uphold the denial of his application for deferral of removal under the Convention

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a), and we

deny the petition.

Flores advances seven arguments in support of his petition.

First, Flores argues that the BIA improperly discounted his qualified and

credible expert's testimony.  Flores contends that the BIA's discount of the

expert's testimony for lack of supporting citations was at odds with Dr. Boerman

qualifying as an expert and affording his testimony full weight in the first instance.

However, even where the Immigration Judge ("IJ") finds an expert to be credible,

he need not accept all his testimony and opinion as fact.  *See Singh v. Holder*, 753

F.3d 826, 836 (9th Cir. 2014) (distinguishing between credibility and truth); *see*

*also Matter of M-A-M-Z-*, 28 I & N Dec. 173, 177 (BIA 2020).

Additionally, unlike in *Castillo v. Barr*, 980 F.3d 1278 (9th Cir. 2020), the

expert testimony here was contradicted—specifically, the BIA's decision noted

that (1) the 2018 State Department Human Rights Report indicated that there were

no reports that the government or its agents committed arbitrary or unlawful

killings, and (2) Dr. Boerman's own source stated that these killings could be

political in nature or related to criminals.  When presented with a record containing

conflicting evidence, this court determines only whether the agency's decision is

supported by substantial evidence.  *See, e.g., Cole v. Holder*, 659 F.3d 762, 783

2

(9th Cir. 2011). Under the applicable substantial evidence standard, factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997).

Here, Flores's challenge to the IJ and BIA's assessment of "corroborative" evidence fails as the IJ has broad discretion to weigh evidence. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1678 (2021) (in reviewing an agency's factual determination, a court of appeals must ask whether "the agency's finding qualifies as one of potentially many reasonable possibilities" and cannot give "conclusive weight to any piece of testimony that cuts against the agency's finding").

Second, Flores argues that the BIA erred in finding Flores's fear of harm merely speculative. Flores contests the weight assigned by the IJ and the BIA to the evidence in the record and asks us to reweigh that evidence to come to a different conclusion. To be eligible for deferral of removal under the CAT, Flores must establish that, if removed, he would more likely than not be tortured at the instigation of, or with the consent or acquiescence of, a public official. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001). Under the substantial evidence standard, the court cannot reweigh evidence; the record must compel the conclusion that no reasonable fact finder could find as the agency did. *Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007).

3

Flores has not satisfied this burden.

Third, Flores argues that the BIA conducted improper factfinding on appeal, but he fails to identify any fact found by the IJ that was ignored by the BIA, or any fact found by the BIA that was not found by the IJ. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014). Contrary to Flores's contention, the IJ never decided that Flores's criminal record would be conveyed to Guatemalan officials, nor did it expressly state that Dr. Boerman provided authority for his propositions in a way that would contradict the BIA's findings. Also, the BIA may take administrative notice of U.S. Department of State reports in the record, even where the IJ did not cite to those reports. 8 C.F.R. § 1003.1(d)(3)(iv).

Fourth, Flores argues that the BIA erred when it disregarded material evidence in finding Flores does not have an individualized risk of harm based on tattoos that he argues will be perceived to be gang tattoos. Again, his argument improperly seeks to have this court reweigh the evidence, which the court cannot do under the substantial evidence standard. *See Don*, 476 F.3d at 743.

Fifth, Flores argues that the BIA erred when it ignored evidence relevant to the possibility of future torture. Again, we may not reweigh evidence on review and Flores fails to show that the evidence he presents was so compelling that no reasonable factfinder could conclude as the BIA did here.

Sixth, Flores argues that the BIA erred by failing to consider all grounds of

4

fear of torture and not aggregating the risks. Even if the IJ and BIA did not identify every piece of provided evidence, they were not required to do so. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (The agency "does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.") (internal quotation marks and citation omitted). The IJ and BIA did expressly consider the risk factors Flores identified, including his claim based on a fear of torture by gang members, the police, or vigilantes, his lack of family in Guatemala, and his perceived difficulty integrating into Guatemalan society and his potential for homelessness. Flores's argument alleging a failure to aggregate the risks, again asks us to reweigh the evidence, which we are unable to do. *See Don*, 476 F.3d at 743.

Finally, Flores argues that the BIA used an improperly narrow acquiescence standard. Although the IJ stated that "Guatemala prohibits torture and the government has taken steps to eradicate torture and other human-rights abuses," this was not the only support for the IJ's determination. The IJ also determined that Flores can internally relocate, and the BIA concluded that evidence of corruption is not necessarily acquiescence. Moreover, evidence that a government is combating human rights abuses such as torture is relevant to the question of

whether a government is acquiescing to torture. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam). Flores has not shown that the BIA used an improperly narrow acquiescence standard.

The petition for review is **DENIED**[1].

---

[1] Accordingly, we also deny the motion to stay removal (Dkt. No. 8) as moot.