**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIEL MORALES-BALMACEDA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-73527 <br><br> Agency No. A076-743-559 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
Phoenix, Arizona

Before: IKUTA, BADE, and BRESS, Circuit Judges.

Gabriel Morales-Balmaceda seeks review of an order of the Board of

Immigration Appeals (BIA) dismissing his appeal of a final order of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

issued by an Immigration Judge (IJ). We have jurisdiction to consider his legal challenges under 8 U.S.C. § 1252(a)(2)(D), and deny the petition for review.

The BIA correctly determined that section 13-3415(A) of the Arizona Revised Statutes is divisible. *See Romero-Millan v. Garland*, 46 F.4th 1032, 1047 (9th Cir. 2022). Morales-Balmaceda does not challenge the BIA's application of the modified categorical approach and determination that his conviction under section 13-3415(A) for possession of methamphetamine paraphernalia renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i), thereby forfeiting any such argument. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013).

The BIA also correctly determined that any defect in the initial notice to appear did not affect the immigration judge's jurisdiction over Morales-Balmaceda's removal proceedings. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc).[1]

---

[1] Although *Romero-Millan* and *Bastide-Hernandez* issued after the BIA's decision, we need not remand the case to the agency to consider the effect of these decisions because there is "no doubt that the BIA would reach the same decision" with the benefit of those cases. *Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010).

Finally, the BIA did not exceed the scope of its appellate review by applying legal standards to undisputed facts in the record.[2]  *See* 8 C.F.R. § 1003.1(d)(3)(ii), (iv)(A)(4); *Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014).

**PETITION DENIED.**

---

[2] Morales-Balmaceda has not challenged the BIA's determination that he is statutorily ineligible for cancellation of removal, thereby forfeiting any such argument.  *See Lopez-Vasquez*, 706 F.3d at 1080.