**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HERVICE DONAS MBETENE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1106

Agency No.
A213-187-481

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2024
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER, District
Judge.[**]

Hervice Donas Mbetene, a native of Cameroon, petitions for review of a

decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an

order of an Immigration Judge (IJ) denying asylum, withholding removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

protection under the Convention Against Torture (CAT). He also challenges the BIA's denial of his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings, including adverse credibility determinations, for substantial evidence, and legal questions de novo. *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022); *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). We review the denial of a motion to remand for an abuse of discretion. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition in part, grant it in part, and remand for further proceedings.[1]

1. The agency properly considered Mbetene's statements during the credible fear interview to support its adverse credibility determination. The credible fear interview was conducted under oath, a French interpreter was present, and there are notes of the questions asked and answers given. These are sufficient indicia of reliability. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020).

2. Substantial evidence supports the agency's adverse credibility determination considering the "totality of the circumstances[ ] and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc), (alteration in original), in light of the "extremely deferential" standard of review, *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted).

---

[1] Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context.

Mbetene testified to two incidents of harm, one in 2016 and another in 2019, to support his claim that he fears persecution in Cameroon based on his membership in a particular social group of persons with "LGBT status." Substantial evidence supports the agency's finding that there are material discrepancies in his accounts of both incidents. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If the IJ reasonably rejects the alien's explanation, or if the alien fails to provide a plausible explanation, the IJ may properly rely on the inconsistency as support for an adverse credibility determination." (citations omitted)), *overruled in part on other grounds by Alam*, 11 F.4th 1133. Considering the totality of the circumstances, we conclude that these significant inconsistencies are sufficient to sustain the agency's adverse credibility determination.[2] *See Alam*, 11 F.4th at 1137 ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination.").

---

[2] Substantial evidence does not support the agency's finding that Mbetene gave inconsistent accounts of the injuries he sustained in the 2019 incident or its finding that Mbetene gave contradictory testimony about the warrant for his arrest. Nevertheless, we still affirm the agency's adverse credibility determination because of Mbetene's numerous failures to testify consistently about his past persecution in Cameroon. *Cf. Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021) (remanding to the agency to reassess the adverse credibility determination "[b]ecause so little remains in support of the adverse credibility finding"). Additionally, even though the BIA did not expressly mention the IJ's finding that Mbetene made inconsistent statements about relocating after the incident in 2016, Mbetene likely forfeited any argument pertaining to this finding by not challenging it in his opening brief. *See Kalulu v. Garland*, 94 F.4th 1095, 1100 (9th Cir. 2024). Regardless, we do not rely on this inconsistency to support our decision.

3. Mbetene argues that the agency erred in denying withholding of removal because the IJ applied the wrong nexus standard. *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1221 (9th Cir. 2022) (describing the nexus requirement for withholding of removal). The BIA reviewed the IJ's decision and there is no indication that it applied an incorrect nexus standard for withholding of removal because it did not rely on nexus to affirm the denial of withholding of removal.

4. The BIA did not abuse its discretion in declining to remand for the IJ to consider a death certificate and a letter from a support group facilitator. *Movsisian*, 395 F.3d at 1098. Mbetene argues that the death certificate corroborates his account of an incident in 2019, but he does not dispute the BIA's determination that he failed to show that it was previously unavailable. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Additionally, the BIA did not abuse its discretion in concluding that the letter would not likely change the result in this case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

5. Substantial evidence supports the denial of CAT protection. Mbetene argues that the agency erred by determining that the adverse credibility determination foreclosed his CAT claim. While the BIA mentioned the adverse credibility finding, it also discussed the country conditions evidence and Mbetene's "arguments and the record as a whole." Mbetene also argues that BIA engaged in improper fact finding when it considered whether the arrest warrant supported his

CAT claim, but he does not cite any improper factual finding that the BIA made. *See Perez-Palafox v. Holder*, 744 F.3d 1138, 1145 (9th Cir. 2014) (explaining that "[q]uestions of law resolve the legal consequences of the underlying facts" and noting that the BIA applied the law to the facts to reach a legal conclusion). Finally, the record does not compel the conclusion that it is more likely than not that Mbetene would be tortured if returned Cameroon. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013).

6. Mbetene argues that, notwithstanding the adverse credibility determination, he is eligible for asylum because there is a warrant for his arrest in Cameroon for "homosexuality." *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (explaining that an asylum applicant may establish a well-founded fear of future persecution by showing that he has a "subjectively genuine and objectively reasonable fear of future persecution") (internal quotation marks omitted); *Bromfield v. Mukasey*, 543 F.3d 1071, 1077 (9th Cir. 2008) (stating that a prosecution motivated by the protected ground "homosexuality" constituted persecution); *Al-Harbi v. I.N.S.*, 242 F.3d 882, 890 (9th Cir. 2001) (explaining that "strong evidence as to the objective component" of fear of future persecution is "relevant in establishing [p]etitioner's subjective fear"). We conclude that the agency failed to meaningfully consider whether this evidence independently established Mbetene's eligibility for asylum. *See Antonio v.*

*Garland*, 58 F.4th 1067, 1075 (9th Cir. 2023) ("IJs and the BIA are not free to ignore arguments raised by a petitioner."). Under the "ordinary remand rule," we remand for the agency to consider this argument in the first instance. *See id.* at 1076–77. We grant Mbetene's petition for review only as to his claim for asylum and we remand for the agency to reexamine the arrest warrant and to determine whether the arrest warrant independently establishes Mbetene's well-founded fear of future persecution and his eligibility for asylum.

**PETITION DENIED IN PART, GRANTED IN PART, and REMANDED.**

23-1106